UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JANE DOE** | **CIVIL NO.** |
| **VERSUS** | **JUDGE:** |
| **MANOLO TOWERS** | **MAG JUDGE:** |

## COMPLAINT

Plaintiff Jane Doe[1] ("***Plaintiff***") files this Complaint against Defendant Manolo Towers ("***Towers***"), and asserts as follows:

### PARTIES

1. Plaintiff is a natural person who has attained the age of majority, and who is domiciled in and a citizen of New Orleans, Louisiana.

2. Defendant Towers is a natural person who has attained the age of majority, and who is domiciled in and a citizen of Miami, Florida.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because some of Plaintiff's claims arise under the laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state law causes of action pursuant to 28 U.S.C. § 1367(a), because the claims are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.

---

[1] Jane Doe is a pseudonym for Plaintiff. The Violence Against Women Reauthorization Act ("***VAWRA***") expressly permits a plaintiff seeking relief thereunder to obtain "injunctive relief maintaining the confidentiality of a plaintiff using a pseudonym." 15 U.S.C. § 6851(b)(3)(B). Plaintiff will file an appropriate motion with the Court to maintain her anonymity or follow any other procedure the Court requires.

1

4. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between Plaintiff (Louisiana) and Towers (Florida).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because "a substantial part of the events or omissions giving rise to the claim occurred" in this judicial district.

## FACTUAL ALLEGATIONS

6. At the time of this filing, Plaintiff is a 23-year-old woman.

7. At the time of this filing, Towers is a 27-year-old man.

8. Plaintiff and Towers met while attending law school and began a romantic relationship in or around March 13, 2025.

9. At Towers's request, Plaintiff agreed to allow Towers to take explicit photographs and videos on several occasions.

10. Plaintiff's consent to take certain photographs and videos was conditioned on Towers's express promise that he would not show these materials to anyone else.

11. Towers represented to Plaintiff that these materials would remain in a private, password-protected folder on his phone, and that he would never share them with others.

12. During their relationship, Towers provided Plaintiff with the password to access his phone and permission to access his phone as she wished.

13. On or about July 29, 2025, Plaintiff inspected the contents of Towers's phone and discovered that Towers had shared explicit videos of Plaintiff with various other men on the internet.

14. For instance, Towers shared videos and pictures of Plaintiff engaged in sex acts with him and in various states of undress.

15. While some of the images did not display Plaintiff's face, others did. For instance, one of the images shared by Towers to these others was a close-up of Plaintiff's face covered in Towers's semen.

16. In addition to showing Plaintiff's face to these strangers, Plaintiff found communications with other men where he identified her first name, age, and State of origin.

17. Plaintiff also discovered that in addition to the videos she allowed Towers to take (but not share), Towers had surreptitiously made other videos and pictures of Plaintiff that she did not consent to and was previously unaware of.

18. All of the videos (those consented and unconsented to) were taken by Towers in New Orleans, Louisiana. Upon information and belief, Towers distributed these materials while he was present in New Orleans, Louisiana to people in other states via the internet.

19. Plaintiff never provided her consent to Towers to share or distribute any of these sexually explicit materials to anyone, and was unaware that Towers had done so until the July 29, 2025 discovery.

20. The communications on Towers's phone demonstrated that he and others engaged in objectifying discussions about Plaintiff and others (including others' romantic partners, family members, and acquaintances). Upon information and belief, in exchange for content of Plaintiff, Towers would also receive explicit photos of other women from these individuals.

21. The discussions also revealed that Towers would engage in conversations with these men and then masturbate together over the internet.

22. Upon discovery of Towers's actions, Plaintiff confronted him.

23. Towers admitted to Plaintiff that he shared these explicit videos and photos with others without Plaintiff's knowledge or consent.

## CAUSES OF ACTION

### CAUSE 1:

*VIOLENCE AGAINST WOMEN REAUTHORIZATION ACT, 15 U.S.C. § 6851(b)*

24. Plaintiff re-alleges the content of all previous paragraphs.

25. As alleged above, Towers caused intimate and sexually graphic images and videos of Plaintiff to be disclosed to others via the internet.

26. While Plaintiff consented to the creation of some, but not all, of the materials made by Towers, she did not consent to the distribution of any of the materials. *See* 15 U.S.C. § 6851(b)(2)(A) ("the fact that the individual consented to the creation of the depiction shall not establish that the person consented to its distribution").

27. The Violence Against Women Reauthorization Act ("*VAWRA*") provides a civil right of action for "an individual whose intimate visual depiction is disclosed, in or affecting interstate or foreign commerce or using any means or facility of interstate or foreign commerce, without the consent of the individual, where such disclosure was made by a person who knows that, or recklessly disregards whether, the individual has not consented to such disclosure." 15 U.S.C. § 6851(b)(1)(A).

28. VAWRA entitles a victim like Plaintiff to "recover the actual damages sustained by the individual or liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred." 15 U.S.C. § 6851(b)(3)(A)(i).

29. Plaintiff seeks all available and appropriate monetary damages.

30. VAWRA also entitles a victim like Plaintiff to obtain "equitable relief, including a temporary restraining order, a preliminary injunction, or a permanent injunction ordering the defendant to cease display or disclosure of the visual depiction." 15 U.S.C. § 6851(b)(3)(A)(ii). Plaintiff is also entitled to seek injunctive relief to maintain her confidentiality. 15 U.S.C. § 6851(b)(3)(B)

31. Plaintiff seeks all appropriate injunctive relief available under VAWRA.

## CAUSE 2:

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)

32. Plaintiff realleges the content of all previous paragraphs.

33. Under Louisiana law, a person can recover monetary damages for IIED when "(1) that the conduct of the defendant was extreme and outrageous, (2) that the emotional distress suffered by the plaintiff was severe, and (3) that the defendant desired to inflict severe emotional distress ***or knew that severe emotional distress would be certain or substantially certain to result from his conduct.***" *Pelitire v. Rinker*, 18-501 (La. App. 5 Cir. 04/17/19), 270 So. 3d 817, 830 (emphasis added).

34. Towers caused Plaintiff severe IIED by distributing intimate and sexually graphic images of Plaintiff to strangers on the internet.

35. Towers's conduct was extreme and outrageous and he knew it would likely cause Plaintiff significant emotional distress.

36. Plaintiff seeks all available monetary damages as a result of her IIED.

## JURY DEMAND

37. Plaintiff hereby demands a trial by jury.

## RELIEF SOUGHT AND PRAYER

38. WHEREFORE, Plaintiff respectfully requests that after due proceedings, the Court enter judgment in Plaintiff's favor and against Defendant Manolo Towers:

    a. awarding Plaintiff monetary damages for Towers's violations of VAWRA and for causing intentional infliction of emotional distress.

    b. awarding Plaintiff all available attorney's fees, costs, penalties, and interest allowed by law.

    c. enjoining Towers from distributing any further content of Plaintiff.

    d. entering injunctive relief to maintain Plaintiff's anonymity.

Dated: October 3, 2025

*/s/ Alex B. Rothenberg*
Alex B. Rothenberg (La Bar. # 34740), T.A.
Clarke I. Perkins (La. Bar No. 40904)
**GORDON, ARATA, MONTGOMERY, BARNETT, MCCOLLAM, DUPLANTIS & EAGAN, LLC**
201 St. Charles Avenue, Suite 4000
New Orleans, Louisiana 70170
Telephone: (504) 582-1111
Facsimile: (504) 582-1121
arothenberg@gamb.com
cperkins@gamb.com

*Counsel for Plaintiff*