UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JANE DOE | CIVIL ACTION |
| VERSUS | NO. 25-2077 |
| MANOLO TOWERS | SECTION "O" |

### ORDER AND REASONS

Before the Court in this civil action under the Violence Against Women Reauthorization Act, 15 U.S.C. § 6851 (the "VAWRA"), in which Plaintiff alleges Defendant disclosed sexually graphic images and videos of Plaintiff without consent, is the *ex parte* motion[1] to litigate by pseudonym by Plaintiff Jane Doe. At this juncture, given the alleged facts, the ordinary practice of party-identity disclosure must yield to the compelling need to protect privacy in intimate matters, as recognized by the Fifth Circuit and Congress, so the motion shall be **GRANTED**.

### I. BACKGROUND

This is a nonconsensual pornography lawsuit arising from Manolo Towers's alleged internet disclosure of intimate images and videos featuring his former romantic partner, Jane Doe, without her consent. Drawing from the complaint, Doe and Towers formed a romantic relationship while in law school in New Orleans, Louisiana.[2] Doe allowed Towers to take explicit photographs and videos of her

---

[1] ECF No. 5.
[2] ECF No. 1 ¶ 8.

"conditioned on [his] express promise that he would not show the[m] to anyone else."[3] However, several months into their relationship, Doe alleges that she discovered that Towers had done what he promised he would *not* do; that is, without her consent, Towers allegedly had provided "internet strangers" intimate and/or sexually graphic images and videos of her, some of which showed her face.[4] In addition to sharing with these internet strangers images and videos of Doe, Doe alleges that Towers communicated with these third parties, identifying Doe by her first name, age, and state of origin.[5] Doe alleges that Towers's online distribution of sexually graphic materials violated federal law and has caused her significant emotional distress.[6]

Doe sued Towers, alleging a cause of action under the VAWRA, 15 U.S.C. § 6851(b), and a second cause of action under Louisiana law for intentional infliction of emotional distress. She seeks money damages as well as equitable relief, including an injunction ordering Towers to cease display or disclosure of images of her as well as an injunction to maintain her anonymity. Having filed the instant lawsuit under a pseudonym, Doe now *ex parte* requests an order allowing her to proceed by pseudonym.[7]

## II.   LAW AND APPLICATION

"The public's right of access to judicial proceedings is fundamental." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418 (5th Cir. 2021). Part and parcel of the

---

[3] *Id.* ¶¶ 9-10.
[4] *Id.* ¶¶ 13-15.
[5] *Id.* ¶ 16.
[6] *Id.* ¶¶ 25-27, 34.
[7] Towers has not yet appeared.

fundamental presumption of openness accorded judicial proceedings, *see Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981), is the general rule that a civil complaint "must name all the parties." *See* Fed. R. Civ. P. 10(a); *see also* Fed. R. Civ. P. 17(a) ("An action must be prosecuted in the name of the real party in interest."). Of course, the right of public access is not absolute and qualified rights yield to exceptional circumstances. For example, a party may litigate by pseudonym where the party's privacy interests outweigh the countervailing interest and general presumption of openness in judicial proceedings. *See Stegall*, 653 F.2d at 186 (balancing test favored allowing parent and two children to proceed anonymously in constitutional challenge to prayer and Bible reading exercises in public schools). Whether a litigant may proceed by pseudonym is "an issue of considerable importance" and thus an order denying such a motion is immediately appealable. *See Doe v. Mass. Inst. of Tech.*, 46 F.4th 61, 65-66 (1st Cir. 2022) ("Every one of the nine court of appeals to consider the question has held that an order denying a motion to proceed by pseudonym is immediately appealable under the collateral order doctrine.").

When a plaintiff pursues a lawsuit that will compel her to disclose information "of the utmost intimacy[,]" exceptional circumstances may warrant litigating pseudonymously. *See Stegall*, 653 F.2d at 186 (citing *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712-13 (5th Cir. 1979) (observing that "the normal practice of disclosing parties' identities [may] yield[ ] to a policy of protecting privacy in a very private matter" when a case involves highly sensitive matters "such as birth control, abortion, homosexuality, or the welfare

rights of illegitimate children"));[8] *see also Doe v. Griffon Mgmt. LLC*, No. 14-2626, 2014 WL 7040390, at *1 (E.D. La. Dec. 11, 2014) (Africk, J.) (granting the plaintiff's *ex parte* motion to litigate pseudonymously given the plaintiff's interest in maintaining the confidentiality of her HIV-positive status in light of her allegations that she experienced discrimination and retaliation based on that status). Tracking similar sensitivity lines, university students filing Title IX lawsuits challenging disciplinary outcomes following university sexual misconduct investigations routinely litigate pseudonymously. *See, e.g., Doe v. William Marsh Rice Univ.*, 67 F.4th 702 (5th Cir. 2023); *Roe v. Marshall Univ. Bd. Of Governors*, 145 F.4th 561, 563 n.2 (4th Cir. 2025); *Roe v. St. John's Univ.*, 91 F.4th 643, 647 n.1 (2d Cir. 2024); *Doe v. Rollins College*, 77 F.4th 1340 (11th Cir. 2023); *Doe v. Stonehill College, Inc.*, 55 F.4th 302 (1st Cir. 2022); *Doe v. Princeton Univ.*, 30 F.4th 335 (3d Cir. 2022); *Doe v. Regents of Univ. of California*, 23 F.4th 930, 931 n.1 (9th Cir. 2022); *Doe v. Univ. of Denver*, 1 F.4th 822 (10th Cir. 2021); *Doe v. Univ. of Ark.-Fayetteville*, 974 F.3d 858, 865 (8th Cir. 2020); *Doe v. Oberlin College*, 963 F.3d 580 (6th Cir. 2020); *Doe v. Purdue Univ.*, 928 F.3d 652 (7th Cir. 2019); *see also Doe v. The Administrators of the Tulane Educational Fund*, No. 23-1348, ECF No. 9 (E.D. La. Apr. 26, 2023) (Vitter, J.); *Doe v. The Administrators of the Tulane Educational Fund*, No. 19-11403, ECF No. 8 (E.D.

---

[8] In *Wynne & Jaffe*, an association of women law students and attorneys sued two law firms under Title VII, alleging illegal sex discrimination in hiring practices for summer clerks and associates. Ultimately, the Fifth Circuit found "neither an express congressional grant of the right to proceed anonymously [in Title VII] nor a compelling need to 'protect( ) privacy in a very private matter,' [and accordingly held] that the[ ] Title VII plaintiffs may not sue under fictitious names[.]" *Id.* (citation omitted).

4

La. July 2, 2019) (Vance, J.); *Doe v. Loyola Univ.*, No. 18-6880, ECF No. 8 (E.D. La. Aug. 6, 2018) (Feldman, J.).

Like parties litigating inherently sensitive personal matters, Plaintiff Jane Doe here advances compelling privacy interests which qualify as exceptional, outweighing the public's ordinary right to access her name. Plaintiff contends that disclosing her identity would cause her extreme embarrassment, potentially subject her to harassment, damage her reputation as well as hinder future educational and career opportunities—the very "reasons that Plaintiff has filed suit."[9] To be sure, the sensitive and personal nature of Plaintiff's allegations—that Defendant violated her privacy by disclosing intimate and sexually graphic images and videos to others online without her consent—squarely implicate the Fifth Circuit's "utmost intimacy" factor and tip the balance in favor of proceeding pseudonymously. Plaintiff has demonstrated that proceeding in her own name would disclose deeply personal information of the utmost intimacy which would compound the harm for which she seeks redress.

Perhaps more critically, Congress recognizes the very privacy interest claimed here and contemplates that plaintiffs like Jane Doe may litigate pseudonymously to protect such interests in paradigmatic private matters. The VAWRA—the statute creating the federal cause of action predicating this lawsuit—expressly provides redress for the privacy interests claimed by Plaintiff here and authorizes a plaintiff's use of a pseudonym. *See* 15 U.S.C.§ 6851(b)(3)(B) ("In ordering relief under

---

[9] ECF No. 5-1 at 1.

subparagraph (A), the court may grant injunctive relief maintaining the confidentiality of a plaintiff using a pseudonym."). It is unsurprising, then, that "the majority of courts faced with motions to proceed anonymously in § 6851 cases have granted [such] motions." *See Doe v. Campbell*, No. 3:25-cv-836, 2025 WL 2824905, at *1 (M.D. Tenn. Oct. 3, 2025) (citing the considerations articulated in *Stegall*, 653 F.2d at 185-186, collecting district court cases concerning requests to proceed pseudonymously in § 6851 cases, and granting the plaintiff's motion requesting same).

So too here. On balance, the Court is persuaded that those factors favoring anonymity outweigh those which call for public access to Jane Doe's name.[10] Public disclosure of Plaintiff's identity would perforce disclose information of utmost intimacy—the precise concern for which § 6851 affords a remedy and confidentiality. Pretermitting whether § 6851 is an express Congressional grant that displaces the Fifth Circuit's ordinary balancing test, under the circumstances of the alleged facts here, the strength and sensitivity of Plaintiff's privacy interests are compelling and thus paramount. Moreover, affording Plaintiff anonymity does not shroud these proceedings in secrecy; rather, the public maintains in large measure its right to access the facts of the case and Court rulings. Further, permitting Plaintiff to litigate by pseudonym as § 6851 contemplates causes no obvious unfairness to Defendant, who knows Plaintiff's identity and thus will not be prejudiced in his ability to defend Plaintiff's lawsuit. Simply put, on balance, the factors favoring anonymity—foremost,

---

[10] Of course, this balance may change as the litigation progresses.

the compelling need for privacy in intimate matters, as recognized by Congress—outweigh those favoring public access to judicial proceedings, particularly given that only Plaintiff's identity is shielded from public view.

* * *

One loose end unique to pseudonymous litigation remains for Jane Doe to tie up. *See Doe v. Mass. Inst. of Tech.*, 46 F.4th at 77. Though at this time Jane Doe has demonstrated that she may proceed by pseudonym—and shield her identity from *the public*—her name must be entered into the record (albeit under seal) in this Court at the very least: (i) so that this adjudicating Court (and any others) may perform standard recusal checks; and (ii) to facilitate assessment of the preclusive effect of any future judgment. *See id.*

## III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that the motion[11] of Plaintiff Jane Doe to proceed in this case pseudonymously as Jane Doe is **GRANTED**.

**IT IS FURTHER ORDERED** that all public filings shall refrain from using Plaintiff Jane Doe's real name.

---

[11] ECF No. 5.

**IT IS FURTHER ORDERED** that within seven days counsel for Jane Doe shall file into the record under seal Jane Doe's name.

New Orleans, Louisiana, this 15th day of October, 2025.

_____
BRANDON S. LONG
UNITED STATES DISTRICT JUDGE