**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JANE DOE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-2077** |
| **JOHN ROE** | **SECTION "O"** |

## *EX PARTE* MOTION TO PROCEED UNDER PSEUDONYM

Plaintiff Jane Doe ("***Plaintiff***") respectfully moves ex parte for an order from this Court allowing the matter to proceed in the above-captioned matter under a pseudonym.[1] As shown more fully in the Memorandum in Support filed herewith, Plaintiff makes this request in order to be protected from harm, ridicule, adverse action, and personal embarrassment, and to prevent further unnecessary damage to her emotional state.  Given the nature of the claims presented, and the highly intimate personal information and documents that the suit entails, the facts and subject matter of the case necessarily involve personal, extremely sensitive details, the revelation of which would cause Plaintiff embarrassment, and could subject her to harassment and further damage to her reputation and future educational and career opportunities, some of the very harms for which Plaintiff has filed suit seeking redress. In fact, the statute upon which Plaintiff seeks relief, the Violence Against Women Reauthorization Act, 15 U.S.C. § 6851, expressly provides Plaintiff to proceed under a pseudonym.  *See* 15 U.S.C. § 6851(b)(3)(B).

Plaintiff further asserts that her need for anonymity outweighs any prejudice to the public's interest in knowing her real name. The public interest in access to judicial proceedings is not thwarted by Plaintiff proceeding under a pseudonym because the public filing of this suit allows

---

[1]        Requests to proceed under a pseudonym are appropriately made *ex parte*. *See Doe v. Griffon Mgmt. LLC*, CIV.A. 14-2626, 2014 WL 7040390 at *1 (E.D. La. Dec. 11, 2014).

the public to understand the allegations at issue, and knowing Plaintiff's exact identity is not necessary to further that interest.

**WHEREFORE**, Plaintiff Jane Doe respectfully prays that this Motion be granted, and she be allowed to pursue her lawsuit under a pseudonym, without the disclosure of her legal name.

Respectfully submitted,

/s/ Clarke I. Perkins

Alex B. Rothenberg (La Bar. # 34740), T.A.
Clarke I. Perkins (La. Bar No. 40904)
**GORDON, ARATA,**
**MONTGOMERY, BARNETT,**
**MCCOLLAM, DUPLANTIS & EAGAN, LLC**
201 St. Charles Avenue, Suite 4000
New Orleans, Louisiana 70170
Telephone: (504) 582-1111
Facsimile: (504) 582-1121
arothenberg@gamb.com
cperkins@gamb.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2025, I served the foregoing *Motion to Proceed Under Pseudonym* upon Defendant John Roe via certified mail.

*/s/ Clarke I. Perkins*
Clarke I. Perkins

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JANE DOE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-2077** |
| **JOHN ROE** | **SECTION "O"** |

**MEMORANDUM IN SUPPORT OF**
**_EX PARTE_ MOTION TO PROCEED UNDER PSEUDONYM**

Plaintiff Jane Doe ("**_Plaintiff_**") respectfully submits this Memorandum in Support of her _Ex Parte_ Motion to Proceed Under Pseudonym and requests that the Court allow her to proceed under the pseudonym Jane Doe.[2] Doe makes this request in order to protect herself from harassment, ridicule, and personal embarrassment, and in order to prevent further unnecessary damage to her reputation and emotional state.

## INTRODUCTION

Plaintiff has sued Defendant John Roe ("**_Roe_**"), alleging that Roe disclosed intimate and sexually graphic images and videos of Plaintiff to others via the internet, causing Plaintiff severe emotional distress, in direct violation of federal and state law. The facts and subject matter of the case necessarily involve personal, extremely sensitive details, the revelation of which would cause Plaintiff embarrassment, and could subject her to harassment and damage to her reputation and future educational and career opportunities. Those harms are some of the reasons that Plaintiff has filed suit.

Roe will not be prejudiced in any manner by Plaintiff using a pseudonym, and Roe is well aware of Plaintiff's identity. The public interest in access to judicial proceedings is also not

---

[2]     Requests to proceed under a pseudonym are appropriately made _ex parte_. _See Doe v. Griffon Mgmt. LLC_, CIV.A. 14-2626, 2014 WL 7040390 at *1 (E.D. La. Dec. 11, 2014).

thwarted by Plaintiff proceeding under a pseudonym because the public filing of this suit allows the public to understand the allegations at issue, and knowing Plaintiff's exact identity is unnecessary in furthering that interest. Thus, the equities weigh in favor of allowing Plaintiff to proceed in this suit anonymously.

## **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff and Defendant were previously in a romantic relationship. During the course of that relationship, Defendant obtained and retained intimate photographs and videos of Plaintiff. Many of these images were captured during private and personal moments, and some were taken without Plaintiff's knowledge or consent. Defendant disclosed and shared these intimate images and videos without Plaintiff's consent to others via the internet. The disclosure of such materials has caused Plaintiff significant emotional distress, particularly given her ongoing legal education and career as an attorney. Plaintiff reasonably fears that the continued dissemination of these images will harm her reputation and professional opportunities.

As such, in her Complaint, Plaintiff has asserted claims under the Violence Against Women Reauthorization Act (**VAWRA**), 15 U.S.C. § 6851(b), and under state law for intentional infliction of emotional distress. Plaintiff now seeks an Order from this Court permitting her to proceed anonymously in this proceeding, using a pseudonym. Given the nature of the claims presented and the potential for the results of Defendant's conduct to forever disrupt Plaintiff's opportunity to pursue a legal career, and that this litigation will involve disclosure of extremely intimate information and documents, it is essential that Plaintiff appear through a pseudonym to avoid media or internet searches which result in revelation of private personal information with a corresponding risk of a permanent destruction of Plaintiff's future opportunities.

## LAW AND ARGUMENT

A. **Fifth Circuit Standard for Proceeding Pseudonymously**.

Under the Federal Rules of Civil Procedure, a party's pleadings should identify the parties to a suit. Fed R. Civ. P. 10(a). Nevertheless, the Fifth Circuit allows parties to proceed under a pseudonym in certain situations. *See Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979). There is no hard and fast rule for determining when a party may be allowed to proceed under a pseudonym in the Fifth Circuit. Rather, courts must balance the "considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. Unit A Aug. 1981) (reversing district court's decision not allowing plaintiffs to proceed under fictious names); *Doe v. Santa Fe Independent School Dist.*, 168 F.3d 806 (5th Cir. 1999) (students and their parents were permitted to anonymously file a section 1983 action against the school district alleging the district's policies and practices violated the establishment clause and demanding prospective injunctive and declaratory relief and money damages); *Doe v. Griffon Mgmt., LLC*, No. 14-2626, 2014 WL 7040390 (E.D. La. Dec. 11, 2014) (woman permitted to proceed anonymously in her claims pursuant to the Fair Housing Act because she didn't want to disclose her HIV-positive status).

When evaluating a motion to proceed under a pseudonym, courts should look to: (1) whether the plaintiff seeking anonymity is suing to challenge governmental activity; (2) whether prosecution of the suit compels the plaintiff to disclose information of the utmost intimacy; and (3) whether the plaintiff is compelled to admit intention to engage in illegal conduct, thereby risking criminal prosecution. *Stegall*, 653 F.2d at 185. In addition to these factors, the Fifth Circuit also considers the "relevant facts and circumstances of a particular case," including issues such as

whether a plaintiff may face a hostile public reaction, and whether the decision to proceed anonymously will have a prejudicial impact on the defending parties. *Rose v. Beaumont Indep. Sch. Dist.*, 240 F.R.D. 264, 266 (E.D. Tex. 2007).

**B.** **VAWRA Authorizes Courts to Permit Pseudonyms, and the Sensitive Facts Here Warrant Such Relief.**

Congress expressly provided for anonymity in actions brought under VAWRA. The statute states:

> In ordering relief under subparagraph (A), the court may grant injunctive relief maintaining the confidentiality of a plaintiff using a pseudonym.

15 U.S.C. § 6851(b)(3)(B).

This provision recognizes the sensitive nature of claims brought under the Act, which often involve intimate and highly personal subject matter. By permitting the use of pseudonyms, Congress ensured that victims would not be deterred from seeking relief in federal court for fear of further invasion of privacy or public exposure.

Accordingly, the statute itself provides an independent basis for this Court to permit Plaintiff to proceed as "Jane Doe" in order to preserve her confidentiality.

**C.** **Plaintiff Satisfies the Factors Courts Consider in Determining Whether Anonymity is Appropriate.**

Even aside from the statutory provision, Plaintiff satisfies the general standard for when proceeding under a pseudonym is permitted., as outlined above.

Here, the second factor is dispositive. Plaintiff's claims arise out of the nonconsensual dissemination of intimate photographs and videos. Courts in this District have recognized that cases involving sexual assaults and intimate materials implicate "matters of the utmost intimacy" and warrant protection of a plaintiff's identity.

The first and third factors are not directly implicated here, as Plaintiff is not challenging governmental activity nor admitting to criminal conduct. Nonetheless, the balance of considerations favors anonymity because the disclosure of Plaintiff's identity in connection with these facts would compound the very harm she seeks to remedy. Moreover, use of a pseudonym will not prejudice Defendant, as the facts and reasoning of the Court will remain public, and Defendant will retain the ability to fully defend against the allegations.

For these reasons, Plaintiff satisfies the factors recognized by the Fifth Circuit, and the presumption of openness must yield to the compelling privacy interests at stake.

## **<u>CONCLUSION</u>**

For the foregoing reasons, Plaintiff Jane Doe requests that her Motion to Proceed Under Pseudonym be granted.

Respectfully submitted,


*/s/ Clarke I. Perkins*

Alex B. Rothenberg (La Bar. # 34740), T.A.
Clarke I. Perkins (La. Bar No. 40904)
**GORDON, ARATA,**
**MONTGOMERY, BARNETT,**
**MCCOLLAM, DUPLANTIS & EAGAN, LLC**
201 St. Charles Avenue, Suite 4000
New Orleans, Louisiana 70170
Telephone: (504) 582-1111
Facsimile: (504) 582-1121
arothenberg@gamb.com
cperkins@gamb.com

*Counsel for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 7, 2025, I served the foregoing *Memorandum in Support of Motion to Proceed Under Pseudonym* upon Defendant John Roe via certified mail.


<u>*/s/ Clarke I. Perkins*</u>
Clarke I. Perkins

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JANE DOE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-2077** |
| **JOHN ROE** | **SECTION "O"** |

## <u>ORDER</u>

Having considered Plaintiff's *Ex Parte* Motion to Proceed Under Pseudonym;

**IT IS HEREBY ORDERED** and this Motion is **GRANTED** and the Plaintiff may proceed

in this case pseudonymously as Jane Doe.

**IT IS FURTHER ORDERED** that all public filings not made under seal shall refrain from

using Plaintiff Jane Doe's real name.

New Orleans, Louisiana, this ____ day of October, 2025.

_____
UNITED STATES DISTRICT JUDGE