UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE DOE | * | CIVIL DOCKET |
| | * | NUMBER: 25-2077 |
| VERSUS | * | |
| | * | JUDGE LONG |
| JOHN ROE | * | MAGISTRATE MEERVELD |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \*

### UNOPPOSED EX PARTE MOTION TO PROCEED UNDER PSEUDONYM AND TO ANONYMIZE PLEADINGS AND RECORD

NOW COMES John Roe, Defendant/Counterclaimant herein, through undersigned counsel, and respectfully files this Unopposed Ex Parte Motion to Anonymize Pleadings in this case. Although the Plaintiff's Complaint named Mr. Roe as the Defendant, Mr. Roe has now filed a counter-claim under the Violence Against Women Reauthorization Act ("VAWRA"), which expressly provides that VAWRA plaintiffs can proceed using a pseudonym to maintain their confidentiality. 15 U.S.C. § 6581(b)(3)(B). Because Mr. Roe is now a VAWRA plaintiff, he requests to anonymize the pleadings by (1) proceeding under a pseudonym and substituting any pleading bearing his name with a "John Roe" version, (2) placing the original pleadings under seal, and (3) directing the Clerk of Court to update the case caption and name of this case in PACER to "Jane Doe v. John Roe" and to remove any references to his true name. Mr. Roe notes that the Court has already granted the Plaintiff's motion to proceed anonymously in this case. R. Doc. 6. The Plaintiff Jane Doe does not oppose this Motion. Towers therefore submits that granting this Motion would further the compelling interest in maintaining the privacy interests of both the Plaintiff/Counter-Defendant and Defendant/Counterclaimant in this matter.

For these reasons, Mr. Roe respectfully requests that this Motion be granted, and that the Court enter an order directing the parties to anonymize the pleadings by substituting record

documents containing Mr. Roe's name with documents using the pseudonym "John Roe," placing the original documents under seal, and for the clerk to update the case caption and names in PACER to reflect the case caption as "Jane Doe v. John Roe."

Respectfully Submitted,

/s/ Stephen Haedicke

Stephen J. Haedicke
The Law Office of Stephen J. Haedicke
1040 Saint Ferdinand Street
New Orleans, LA 70117
Telephone: 504.291.6990
stephen@haedickelaw.com

-AND-

M. Richard Schroeder, La. Bar# 19145
NOLA Schroeder Law LLC
1040 St. Ferdinand St.
New Orleans, La. 70117
(504) 291-6990
mrschroeder@nolaschroederlaw.com

### CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all parties.

/s/ Stephen Haedicke

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE DOE | * | CIVIL DOCKET |
| | * | NUMBER: 25-2077 |
| VERSUS | * | |
| | * | JUDGE LONG |
| JOHN ROE | * | MAGISTRATE MEERVELD |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \*

### MEMORANDUM IN SUPPORT OF UNOPPOSED EX PARTE MOTION TO PROCEED UNDER PSEUDONYM AND TO ANONYMIZE PLEADINGS AND RECORD

NOW COMES John Roe, Defendant/Counterclaimant herein, through undersigned counsel, and respectfully files this Memorandum in Support of his Ex Parte Motion to Proceed under Pseudonym and to Anonymize Pleadings and Record in this case.  Mr. Roe makes this request, which the Plaintiff does not oppose, to prevent further unnecessary embarrassment and damage to his reputation based on the allegations made in this case, which concern private and intimate matters of the utmost sensitivity.

### BACKGROUND

On October 3, 2025, the Plaintiff filed this lawsuit bringing claims for violation of the Violence Against Women Reauthorization Act, 15 U.S.C. § 6581 ("VAWRA"), and intentional infliction of emotional distress under Louisiana state law.  Proceeding ex parte and before the Defendant had made an appearance, the Plaintiff sought and received permission from this Court to maintain her confidentiality by litigating under the pseudonym "Jane Doe" in this lawsuit.  R. Doc. 5, 6.  The Plaintiff argued that the balance of equities favored maintaining her privacy, given the intimate nature of the allegations, and that VAWRA expressly contemplates plaintiffs proceeding anonymously.  *See* 15 U.S.C. § 6581(b)(3)(B).  The Court agreed with the Plaintiff's

request, relying on the fact that the case involved issues of the "utmost intimacy" and that VAWRA expressly permits plaintiffs to proceed under a pseudonym. R. Doc. 6.

On November 17, 2025, Mr. Roe filed an Answer and Counterclaim to the Plaintiff's Complaint. R. Doc. 11. Of particular importance to the instant Motion, one of his counterclaims is based on an allegation that the Plaintiff/Counter-Defendant herself violated VAWRA during the interactions that underlie this lawsuit. Like the Plaintiff's original VAWRA claim, the Defendant/Counterclaimant's VAWRA claim is based on matters of the "utmost intimacy." Accordingly, and for the same reasons as the Plaintiff/Counter-Defendant, the Defendant/Counterclaimant now requests that he be permitted to proceed under a pseudonym and that this Court anonymize the record to protect both parties' compelling privacy interests in the underlying facts of this dispute.[1]

## LAW AND ARGUMENT

As recognized in the Plaintiff's motion to proceed under a pseudonym, R. Doc. 5-1, the Fifth Circuit permits litigants to proceed anonymously in certain circumstances, despite the presumption of openness in judicial proceedings. There is no brightline rule for determining when a party may proceed under a pseudonym. *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). Instead, courts should look to: (1) whether the plaintiff seeking anonymity is suing to challenge governmental activity; (2) whether prosecution of the suit compels the plaintiff to disclose information of the utmost intimacy; and (3) whether the plaintiff is compelled to admit intention to engage in illegal conduct, thereby risking criminal prosecution. *Id*. at 185. In addition to these factors, the Fifth Circuit also considers the "relevant facts and circumstances of a particular case," including issues such as whether the case involves highly sensitive and

---

[1] Mr. Roe advises the Court that the parties have reached a settlement of all claims in this lawsuit, and they will be requesting that the case be dismissed once the Court rules on the instant Motion.

personal matters.  *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979).

In this case, although the Plaintiff's Complaint named Mr. Roe as the defendant, Mr. Roe has now filed a counterclaim under VAWRA.  Because Mr. Roe is now a VAWRA plaintiff, he requests to anonymize the case by (1) substituting any pleading bearing his name with a "John Roe" version, (2) placing the original pleadings bearing his name under seal, and (3) updating the case caption and name of this case in PACER to "Jane Doe v. John Roe."  Mr. Roe notes that the Court has already granted the Plaintiff's motion to proceed anonymously in this case.  R. Doc. 6.  Mr. Roe submits that the Court should grant his request to proceed under a pseudonym and to anonymize the pleadings for the same reasons as the Court granted the Plaintiff's motion, as he is now a VAWRA plaintiff on the counterclaim in substantially the same position as Plaintiff Jane Doe.

Furthermore, Mr. Roe submits that granting this Motion would further the compelling interest in maintaining the privacy interests of both Plaintiff Jane Doe and Mr. Roe in this matter, as they are both young adults seeking to embark on careers in law.  Anonymizing the pleadings as to Mr. Roe would further Jane Doe's interest by reducing the likelihood that someone could identify her through knowledge of her prior relationship with Mr. Roe.  It would further both parties' privacy interests because anonymizing the pleadings will reduce the likelihood that this unfortunate episode between the parties will continue to haunt both of them throughout their professional careers.

Although Mr. Roe acknowledges that this is a somewhat unusual request, it is not without precedent.  In *Roe v. Doe*, No. 18-666 (D.C. Apr. 23, 2019), 2019 WL 1778053 at *4, a district court in the District of Columbia granted a very similar request for retroactive anonymization of

the record. *Roe* involved an allegation of non-consensual sex between two young people. Some thirteen months after the case was originally filed with the defendant's actual name in the pleadings, the district court granted a defense motion to permit the defendant to proceed via pseudonym and to anonymize the pleadings retroactively by substituting documents containing only pseudonyms for the original pleadings in the case and then placing the original pleadings under seal. It appears that the D.C. clerk of court also updated the name of the case in PACER to anonymize both parties, per the district court order. The D.C. court seems to have granted the defense motion in part out of recognition of the lifelong stigma that the two young litigants faced if their names continued to be part of the record in a case involving intimate details, as well as the fact that the case was in the process of being amicably resolved by the parties. *Id*. at *3-4. The court also found it meaningful that the plaintiff did not oppose the defense request. *Id*. As noted above, these same factors are present in this case.

      Mr. Roe understands that his name has already been attached to these proceedings, and that he cannot un-ring that bell completely. However, he believes that if the Court were to grant this Motion, it would meaningfully further his compelling privacy interests regarding matters of "utmost intimacy" by removing his name from the official record of these proceedings.

      For these reasons, Mr. Roe respectfully requests that this Motion be granted, and that the Court enter an order directing (1) the parties to anonymize the pleadings by substituting documents using the pseudonym "John Roe" for any record documents containing Mr. Roe' name; (2) that the original pleadings containing Mr. Roe' name be placed under seal; and (3) that the clerk of court update the case caption and names in PACER to reflect the case caption of this matter as "Jane Doe v. John Roe" and to remove any references to the Defendant's name.

Respectfully Submitted,

/s/ Stephen Haedicke

Stephen J. Haedicke
The Law Office of Stephen J. Haedicke
1040 Saint Ferdinand Street
New Orleans, LA 70117
Telephone: 504.291.6990
stephen@haedickelaw.com

-AND-

M. Richard Schroeder, La. Bar# 19145
NOLA Schroeder Law LLC
1040 St. Ferdinand St.
New Orleans, La. 70117
(504) 291-6990
mrschroeder@nolaschroederlaw.com

## *CERTIFICATE OF SERVICE*

I hereby certify that on December 30, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all parties.

/s/ Stephen Haedicke

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE DOE | * | CIVIL DOCKET |
| | * | NUMBER: 25-2077 |
| VERSUS | * | |
| | * | JUDGE LONG |
| JOHN ROE | * | MAGISTRATE MEERVELD |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \*

**ORDER**

Considering the above and foregoing *Unopposed Ex Parte Motion to Proceed Anonymously and to Anonymize Pleadings and Record,* filed by the Defendant/Counterclaimant herein, and good grounds appearing therefore:

IT IS ORDERED that the motion is GRANTED, and the Court orders as follows: (1) the Defendant/Counterclaimant is permitted to proceed in this litigation using the pseudonym "John Roe"; (2) the parties are to anonymize the pleadings by filing motions to substitute documents using the pseudonym "John Roe" for any record documents containing the Defendant/Counterclaimant's true name; (3) the original pleadings containing the Defendant/Counterclaimant's true name shall be placed under seal by the Clerk of Court; and (4) the Clerk of Court is to update the case caption and names of this case in PACER to reflect the case caption of this matter as "Jane Doe v. John Roe" and to remove any references to the Defendant/Counterclaimant's true name.

New Orleans, Louisiana, this _____ day of _____, 2026.

_____
UNITED STATES DISTRICT JUDGE